**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TEAIRRA L. BRAXTON, | : | |
| 1306 Columbia Road, N.W., #304 | : | |
| Washington, DC 20009 | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GARDAWORLD SECURITY | : | |
| SERVICES, | : | |
| 8201 Corporate Drive | : | |
| Landover, MD 20785 | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE Defendant Whelan Security Mid-Atlantic LLC d/b/a

GardaWorld Security Services ("GardaWorld"), named in the caption as GardaWorld Security

Services, hereby removes the above-captioned action from the Superior Court of the District of

Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C.

§§ 1441 and 1446. The grounds for this removal are as follows:

1.     On October 30, 2023, Plaintiff Teairra Braxton filed a Complaint against

GardaWorld in the District of Columbia Superior Court, Civil Division, and the case was

assigned Case No. 2023-CAB-006671 (hereinafter "State Court Action").

2.     On November 17, 2023, GardaWorld was purportedly served with a Summons,

Complaint (with exhibits), Initial Order, and Civil Information Sheet. Attached hereto as Exhibit

A is a true and correct copy of the documents served on GardaWorld.

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibits B to E.

4.      The State Court Action is a suit of a wholly civil nature over which the United States District Court for the District of Columbia has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

5.      Plaintiff is a resident and citizen of the District of Columbia. *See* Compl. Caption; *see also Middleton v. Pratt,* 2022 WL 3910551, at *5 (D.D.C. Aug. 31, 2022) (for diversity purposes, a person is a "'citizen of the State' in which he [or she] is domiciled.").

6.      Defendant Whelan Security Mid-Atlantic LLC d/b/a GardaWorld Security Services is a Missouri limited liability company with its principal place of business in Missouri. *See* Exh. F (obtained from Missouri Secretary of State website, last accessed Dec. 1, 2023).[1] The members of Whelan Security Mid-Atlantic LLC are Whelan Security of Illinois, Inc. and Whelan Security Co. *See* Declaration of Benjamin Zaring in Support of Defendant's Notice of Removal at ¶ 3; *see also 249 Missouri Ave. Comm. Dev. LLC v. PHH Mortgage Corp.*, 2023 WL 5133202, at *4 (D.D.C. Aug. 9, 2023) (for purposes of diversity jurisdiction, the citizenship of the members of a limited liability corporation is relevant); *Middleton,* 2022 WL 3910551, at *5 (LLCs "'have the citizenship of each of their members'").  Whelan Security of Illinois, Inc. is a corporation organized under the laws of the State of Illinois, with its principal place of business in Missouri. *See* Exh. G (obtained from Illinois Secretary of State website, last accessed Dec. 1, 2023). Whelan Security Co. is a corporation organized under the laws of the State of Missouri,

---

[1] The Court can take judicial notice of information posted on the official public websites of government agencies. *See Astakhov v. United States Citizenship & Immig. Servs.*, 2023 WL 6479080, at *2 (D.D.C. Oct. 5, 2023); *Patel v. United States Citizenship & Immig. Servs.*, 2023 WL 6388948, at *2 (D.D.C. Sept. 29, 2023).

with its principal place of business in Missouri. *See* Exh. H (obtained from Missouri Secretary of State website, last accessed Dec. 1, 2023). Thus, the members of Whelan Security Mid-Atlantic LLC are citizens of Missouri and Illinois, not the District of Columbia. Accordingly, there is complete diversity between Plaintiff and Defendant GardaWorld, as Defendant, based on the citizenship of its members, is not a citizen of the same state as Plaintiff.

7.     The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks $33,600 in alleged lost wages and $100,000 in alleged compensatory and punitive damages. Compl. ¶ 2; *see also* Civil Information Sheet.

8.     Alternatively, this Court also has original jurisdiction over the State Court Action as it is a suit of a wholly civil nature arising under the Constitution, laws or treaties of the United States over which the United States District Court for the District of Columbia has original jurisdiction under 28 U.S.C. §§ 1331 and 1337 and, therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff alleges in her Complaint she suffers from several disabilities and that during her employment with GardaWorld she requested that directives be clarified, demanded appropriate training, asked for breaks during the work day, and requested that she not be required to work 16 hour days for several days in a row. Compl. ¶ 1. Plaintiff alleges all of her reasonable requests were denied, and that she was harassed, threatened, bullied, and terminated. *Id.* Plaintiff further alleges she was discriminated against based on her complaints to management and human resources regarding the alleged harassment she suffered as well as the alleged harassment and mistreatment towards other employees. *Id.* ¶ 3. Plaintiff has attached to her Complaint, among other things, her Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC's Dismissal and Notice of Rights. *See* Compl. Exhs. Accordingly, Plaintiff's Complaint purports to allege claims

of federal disability discrimination, harassment, and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq. See Jackson v. Dist. Hosp. Partners, L.P.,* 2019 WL 3502389, at *3-4 (D.D.C. Aug. 1, 2019) (recognizing defendant removed case to federal court on grounds of federal question jurisdiction based on, among other things, plaintiff's EEOC Charge of Discrimination attached to plaintiff's complaint despite fact plaintiff did not cite specific statute in his complaint pursuant to which his claims were plead).  To the extent Plaintiff's Complaint purports to allege any state or common law claims, such claims arise from the same nucleus of operative facts and are so related to the claims in which the Court has original subject matter jurisdiction based on federal question that they form part of the same case or controversy under Article III of the United States Constitution and, therefore, this Court should exercise jurisdiction over any purported state and/or common law claims pursuant to 28 U.S.C. § 1367.

9.    Pursuant to 28 U.S.C. § 1446(b), GardaWorld is filing this Notice of Removal within thirty (30) days after service of process on GardaWorld on November 17, 2023.

10.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Superior Court of the District of Columbia and, as reflected on the Certificate of Service, a true and correct copy of this Notice of Removal is being served upon the *pro se* Plaintiff.

11.    GardaWorld requests that the United States District Court for the District of Columbia assume jurisdiction over the above-captioned action, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

12.    Venue is proper in the United States District Court for the District of Columbia because it is the District Court within which Plaintiff's State Court Action is currently pending.

13.     By filing the instant Notice of Removal, GardaWorld does not waive, and fully reserves, all defenses it may have to Plaintiff's Complaint, including but not limited to insufficient service, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant GardaWorld respectfully removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and requests that this Court assume full jurisdiction over this action as provided by law and issue such further orders and processes as may be necessary.

Respectfully submitted,

 /s/ Anessa Abrams
Anessa Abrams (DC Bar No. 448789)
aabrams@fordharrison.com
FordHarrison LLP
2000 M Street, N.W.
Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 FAX
*Attorneys for Defendant Whelan Security*
*Mid-Atlantic LLC d/b/a GardaWorld*
*Security Services*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2023, I caused a true and correct copy

of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** to be electronically filed with the

Court and to be served by first-class United States mail, postage prepaid upon the following:

Teairra Braxton
1306 Columbia Road, N.W., #304
Washington, DC 20009
*Pro Se* Plaintiff

                                          _/s/ Anessa Abrams_____
                                          Anessa Abrams

WSACTIVELLP:112889929.1