UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TEAIRRA L. BRAXTON,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-3637 (APM) |
| **GARDAWORLD SECURITY SERVICES,** | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Pro se Plaintiff Teairra L. Braxton was employed in 2023 as a security officer with Defendant Whelan Security Mid-Atlantic LLC d/b/a GardaWorld Security Services ("GardaWorld"). She filed this action against GardaWorld, asserting various discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Compl., ECF No. 1-1 [hereinafter Compl.], at 3–4 (ECF pagination).[1] After Gardaworld removed the case to this court, *see* Def.'s Notice of Removal, ECF No. 1, it moved to dismiss for failure to effect proper service, exhaust administrative remedies, and state a claim, *see* Def.'s Mem. of Law in Supp. of its Mot. to Dismiss, ECF No. 4 [hereinafter Def.'s Mot.]. The court agrees with the second of these arguments and therefore grants GardaWorld's motion.[2]

---

[1] In her opposition brief, Plaintiff disclaims making any discrimination or whistleblower protection claim under District of Columbia law. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 7, at 2 (ECF pagination).

[2] GardaWorld challenges the adequacy of Plaintiff's service based on her delivery of the complaint and summons to its "General Manager." Def.'s Mot. at 1, 3. Because it dismisses the action on other grounds, the court need not decide this issue, but it would appear that this method of service was effective under D.C. Code § 13-334(a), which permits service upon a foreign corporation doing business in the District by serving "the agent of the corporation or *person conducting its business*." (Emphasis added); Def.'s Notice of Removal, ECF No. 1, ¶ 6 (asserting that GardaWorld is organized under Missouri law and has its principal place of business in Missouri).

Before a person files suit under the ADA, she must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it.") (citation omitted). An ADA lawsuit that follows "is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)).

Here, Plaintiff made no allegation or claim of disability discrimination in her EEOC charge. *See* Compl., Amend. Charge of Discrimination ("EEOC Charge"), at 5–6 (ECF pagination). In her complaint, Plaintiff asserts disabilities based on "brain aneurisms that cause [her] to be slow to understand and communicate information," Compl. at 3, but she made no mention at all of any such disability in her EEOC charge, *see* EEOC Charge. In fact, her EEOC charge is predicated entirely upon an apparent dispute about missing a shift of work and other unspecified conditions at her job site. *See Id.* Thus, having failed to assert any facts that would support an ADA claim, Plaintiff failed to exhaust her administrative remedies. *See Marshall*, 130 F.3d at 1099 (stating that "the substance of an ADA claim . . . must fall within the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination") (internal quotation marks and citation omitted).

Plaintiff points to the right-to-sue letter that the EEOC issued as evidence of exhaustion. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 7, at 3 & Ex. 2. But receipt of that letter is no substitute for raising the claim itself with the EEOC. *See Marshall*, 130 F.3d at 1099 ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would

circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge[.]") (internal quotation marks and citation omitted).

Accordingly, GardaWorld's motion to dismiss, ECF No. 4, is granted. The court dismisses the complaint without prejudice. A separate, appealable order accompanies this Memorandum Opinion.

Dated: May 28, 2024

Amit P. Mehta
United States District Court Judge